**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Bill Shipp, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   10 C 4468 |
| | ) | |
| Hilco Receivables, LLC, n/k/a Equable | ) | |
| Ascent Financial, LLC, a Delaware | ) | |
| limited liability company, National Action | ) | |
| Financial Services, Inc., a Georgia | ) | |
| corporation, and Vision Financial Corp., | ) | |
| a New York corporation, | ) | |
| | ) | |
| Defendants. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Bill Shipp, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) most of the acts and transactions occurred here; b) one Defendant resides here; and c) all Defendants transact business here.

### PARTIES

3.     Plaintiff, Bill Shipp ("Shipp"), is a citizen of the State of Montana, from whom Defendants attempted to collect a delinquent consumer debt owed for a Barclays

Bank ("Barclays") credit card, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.     Defendant, Hilco Receivables, LLC, n/k/a Equable Ascent Financial, LLC ("Hilco"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  From its offices in Buffalo Grove, Illinois, Hilco operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5.     Defendant Hilco is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors, like Defendants National Action Financial Services and Vision Financial Corp.

6.     Defendant Hilco is licensed to conduct business in Illinois, maintains a registered agent here and is headquartered here, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Hilco conduct business in Illinois.

7.     Defendant, National Action Financial Services, Inc. ("NAFS"), is a Georgia corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  NAFS collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

8.     Defendant NAFS conducts business in Illinois by collecting delinquent consumer debts from hundreds of Illinois consumers.  Moreover, Defendant NAFS is

licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant NAFS acts as a debt collector in Illinois.

9. Defendant, Vision Financial Corp. ("Vision"), is a New York corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Vision collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

10. Defendant Vision conducts business in Illinois by collecting delinquent consumer debts from hundreds of Illinois consumers. Moreover, Defendant Vision is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit C. In fact, Defendant Vision acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

11. Mr. Shipp is a senior citizen, with limited assets and income, who fell behind on paying his bills, including a consumer debt he owed for a Barclays Bank credit card. At some point in time after that debt became delinquent, it was bought by Defendant Hilco, and when Hilco began trying to collect this debt from Mr. Shipp, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendants' collection actions.

12. Specifically, Defendant Hilco hired another debt collector, Enhanced Recovery Corporation ("ERC"), to demand payment of the Barclays/Hilco debt from Mr. Shipp. Accordingly, on June 24, 2008, one of Mr. Shipp's attorneys at LASPD informed Defendant Hilco, through its agent, ERC, that Mr. Shipp was represented by counsel,

and directed Hilco to cease contacting him, and to cease all further collection activities because Mr. Shipp was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

13.     Nonetheless, despite being advised that Mr. Shipp was represented by counsel and refused to pay the debt, Defendant Hilco hired another debt collector, Apex Financial Management, to demand payment from Mr. Shipp of the Barclays/Hilco debt. On February 11, 2009, LASPD informed Defendant Hilco, through its agent, Apex, that Mr. Shipp was represented by counsel, and directed Hilco to cease collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit E.

14.     Undeterred, Defendant Hilco then had Defendant NAFS send Mr. Shipp a collection letter, dated August 11, 2009, which demanded payment of the Barclays/Hilco debt. A copy of this collection letter is attached as Exhibit F.

15.     Accordingly, on September 23, 2009, Mr. Shipp's LASPD attorney sent Defendants NAFS and Hilco a letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit G.

16.     Incredibly, Defendant Hilco then had Defendant Vision send Mr. Shipp a collection letter, dated December 22, 2009, which demanded payment of the Barclays/Hilco debt. A copy of this collection letter is attached as Exhibit H.

17.     Accordingly, on January 27, 2010, Mr. Shipp's LASPD attorney sent Defendants Vision and Hilco a letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit I.

18.     All of Defendants' collection actions complained of herein (Exhibits F and H) occurred within one year of the date of this Complaint.

4

19.    Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And To Cease Collections**

20.    Plaintiff adopts and realleges ¶¶ 1-19.

21.    Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

22.    Here, the letters from Mr. Shipp's agent, LASPD, told Defendants to cease communications and to cease collections.  By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

23.    Defendants' violations of § 1692c(c) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

24.    Plaintiff adopts and realleges ¶¶ 1-19.

25.    Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

26.    Defendants knew, or readily could have known, that Mr. Shipp was represented by counsel in connection with his debts because his attorneys at LASPD

had informed Defendant Hilco, in writing, through its agents, that Mr. Shipp was represented by counsel, and had directed a cessation of communications with Mr. Shipp.  By directly sending Mr. Shipp a collection letter, despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

27.     Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Bill Shipp, prays that this Court:

1.      Find that Defendants' debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Shipp, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Bill Shipp, demands trial by jury.

Bill Shipp,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  July 19, 2010

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com